**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HUGO GONZALEZ** | **CASE NO.  2:19-CV-00130 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO INC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Sea Fox Boat Company, Inc.'s Motion to Dismiss and/or Motion for Partial Summary Judgment as to Plaintiffs' Claims for Punitive Damages" (Doc. 236) wherein Co-Defendant, Sea Fox Boat Company, Inc. ("Sea Fox") moves to dismiss any claim for punitive damages by Plaintiffs, Hugo Gonzalez, individually and on behalf of his minor children, C.G. and E.G.; Galloway Outlaw-Knight and Lauren M. Outlaw-Knight, individually and on behalf of their minor children, A. O-K, A. O-K; and Courtney Blair Alston, as Administratrix of the Estate of Jeremy Wade Eades, Deceased, and on behalf of his minor children, M.T.A. and I.E. and on behalf of Ruth Eades, natural Mother of the Deceased, and on Behalf of the Estate of Jeremy Wade Eades, Deceased, (collectively referred to as "Plaintiffs").

## FACTUAL STATEMENT

This matter arises out of a fire and explosion aboard a 2014 Sea Fox Commander (the "vessel") owned by Daniel Henderson. Sea Fox designed and manufactured the vessel and sold it to Paradise Marine Center, who in turn sold it to Mr. Henderson. Mr. Henderson took possession of the vessel on February 25, 2014, and returned it to Paradise Marine

Center for warranty repairs. Mr. Henderson also took the vessel to Olmstead Shipyard on December 7, 2017, to repair damages to the engines and hull. Although the repairs were completed by Olmstead in either May or June 2018, the vessel remained at Olmstead for over seven (7) months until a few days prior to the incident. During the repairs at Olmstead, the vessel was stored in a field, uncovered.[1]

Mr. Henderson picked up the vessel on or about July 27, 2018; he did not check any of the compartments for standing water because the plug was out of the vessel.[2]

At the time of the explosion, Plaintiffs Hugo Gonzalez, was attempting to change out the vessel's batteries; Plaintiffs Galloway Outlaw-Knight, and Jeremy Eades were also on the boat. Plaintiffs did not inspect the vessel for fuel leaks prior to launching,[3] and did not review any manuals regarding the vessel prior to the accident. [4]

Yamaha is aware that the filters may be mounted in the bilges of boats, yet has never suggested they should not be, and has never prohibited filters from being mounted in bilges.[5] Sierra International, who manufactured the filters, also knows the filters may be installed in the bilge, and confirms that they are designed for that environment, including the possible accumulation of saltwater.[6] The vessel design was audited by the National Marine Manufacturers Association ("NMMA") and was certified using the standards of the American Boat and Yacht Counsel ("ABYC").[7] Plaintiffs dispute this fact. Sea Fox

---

[1] Defendant's exhibit A, Daniel Henderson depo. p. 148:19-22.
[2] Id. pp. 148:25–149:5; Plaintiffs' exhibit 9, p. 148, Daniel Henderson Deposition.
[3] Defendant's exhibit B, Hugo Gonzalez, pp. 133:20–134:6, 136:22–25.
[4] Id. pp. 133:20–134:6, 136:22–25; 137:18–21.
[5] Defendant's exhibit C, Mills depo. p. 86:25–7.
[6] Defendant's exhibit D, Sierra International depo. pp. 143:14–144:16.
[7] Defendant's exhibit E, Marhevko Report, p. 10–11.

maintains that the location of the filters was compliant with ABYC requirements.[8] Plaintiffs dispute this fact.

Plaintiffs' expert testified that, in his experience as a naval architect, marine surveyor, or marine engineer, he has never encountered fuel water separators that have leaked as a result of corrosion.[9]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

---

[8] *Id.*
[9] Defendant's exhibit F, Steve Nolte depo. p. 66:19–23.

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Defendant, Sea Fox Boat Company, Inc. ("Sea Fox") moves to dismiss Plaintiffs' claims for punitive damages. "Louisiana has a general public policy prohibiting punitive damage awards, unless expressly authorized by statute." *In re Crosby Marine Transp., Inc.*, 2021 WL 3582433, at *4 (E.D. La. May 13, 2021) (*citing Hancock v. Higman Barge Lines, Inc.*, 2017 WL 3582433, at *4 (E.D. La. Aug. 18, 2017)). *See also Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002). Sea Fox contends that the only available avenue for Plaintiffs to recover punitive damages is under general maritime law which requires that a plaintiff plead and prove that the defendant's conduct was "so egregious as to constitute gross negligence, reckless or callous disregard for the rights of others, or actual malice or criminal indifference." *In re Crosby Marine Transp.*, 2021 WL 1931168 at *4 (*citing Maritrans Operating Partners v. Diana T,* 1999 WL 144458, at *7 (E.D. La. Mar. 15, 1999)). *See also In re Marine Sulphur Queen*, 460 F.2d 89, 105 (2d Cir. 1972).

Plaintiffs maintain that Sea Fox should have placed the fuel water separator filters in a different location to avoid the risk of corrosion, whereas Defendant maintains that the testimony and evidence show that (1) even Plaintiffs' own expert agrees that there was no issue with the fact that the filters were mounted in the bilge, and (2) mounting the filters in a different location would not make the corrosion impossible.

Sea Fox submits summary judgment evidence that (1) it is common practice for fuel water separator filters to be mounted in the bilge; (2) the vessel complied with applicable United State Coast Guard regulations and ABYC standards; and (3) Sea Fox voluntarily undertook the effort to ensure the vessel met applicable standards. Sea Fox argues that its conduct does not come close to gross negligence, reckless or callous disregard for the rights of others, or actual malice or criminal indifference required to sustain a claim for punitive damages.

Plaintiffs assert that Sea Fox failed to have any detailed drawings for the design of the vessel (Commander 256) but instead a one-page drawing which depicted where the filters were to be located, and that the boat involved in the explosion at issue did not have the filters mounted where depicted on the drawing. In addition, the location of the filters did not match the location of fuel water separators installed in another like-kind Commander 256, as shown on an inspection report of the other vessel. Thus, Plaintiffs maintain that there is a question of fact as to whether the vessel at issue in this case was manufactured the same as all other such vessels, given the lack of compliance with the

single drawing referencing the placement of the filters, as well as the inability to state whether this vessel was actually inspected by NMMA.[10]

Plaintiffs provide expert testimony to establish that the filters could have been raised higher in the bilge to elevate them out of standing water or relocate them outside of the bilge area. Plaintiffs note that the location of the filters in the vessel at issue is dangerously close to the batteries. Plaintiffs assert that the location of the filters was not in compliance with ABYC standards because the filters were located in the bilge that was open to the battery compartment and allowed for the flow of fumes and vapors between the compartments.

In addition, Plaintiffs assert that there was only one warning about the danger of gasoline located on the front console, which is not near the area of the vessel where the batteries and filters were located. Plaintiffs provided evidence that NMMA recommends additional warnings to be placed on boats and in its NMMA manual, NMMA suggests placing a warning regarding the risk of leaking fuel near the back of the boat where Plaintiff Gonzalez was actually located at the time of the explosion.[11]

Plaintiffs further complain that the sole warning located on the console was inadequate as to content because it did not include a NMMA recommendation to sniff or smell bilges prior to starting the engine, noting that NMMA sells a "Boater's Checklist" sticker for $0.40.[12]

---

[10] Plaintiffs assert that Sea Fox has failed to submit evidence that the vessel was actually inspected for compliance with standards set by the American Board and Yacht Council ("ABYC"). Plaintiff's exhibit 6, Thomas Marhevko deposition, p. 29–30.
[11] *Id.* p. 53.
[12] Plaintiffs' exhibit 8, NMMA Labels, attached as Addendum to Marhevko Report.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Frazier v. City of Kaplan*, 2019 WL 2566528 at *3 (W.D. La. 2019) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A punitive damage claim under maritime law has historically been held to be a highly fact intensive question. *See e.g., In re Complaint of Merry Shipping, Inc.*, 650 F.2d 622, 625 (5th Cir.1981); *Williams v. State Through Dept. of Wildlife and Fisheries,* 684 So.2d 1018, (La. App. 1 Cir. 11/20/96).

In order to prove a claim for punitive damages under general maritime law, the plaintiff must prove that the defendant's "behavior is more than merely negligent, but rather was so egregious as to constitute gross negligence, reckless or callous disregard for the rights of others, or actual malice or criminal indifference." *In re Crosby Marine Transportation, L.L.C.*, 2021 WL 1931168 at *4 (*citing Maritrans Operating Partners v. Diana T*, 1999 WL 144458 (E.D. La. 1999)).

The United States Supreme Court in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (U.S. 2008) identified the "two different types of conduct" that can constitute recklessness: (1) the actor knows, or has reasons to know of facts which create a high degree of risk of harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk; or (2) the actor has such knowledge, or reasons to know of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would. *Id.* 554 U.S. at 493–94 (quoting Restatement (Second) of Torts § 500 cmt. A (1965)).

Plaintiffs assert numerous actions, or inactions by Sea Fox in manufacturing the vessel which could potentially constitute a pattern of negligence to show that Sea Fox had a reckless or callous disregard for the rights of others: (1) the failure to have a build-plan for the boat; (2) failure to have drawings which purportedly match the manufacture of the boat and placement of the filters; (3) failure to install the filters in the location shown on an inspection report of  another like-kind vessel (Commander 256); (4) installing the filters in an unsafe and highly corrosive environment; and (5) failure to have warnings of fire and explosion due to fuel leakage from areas where fuel may actually leak or sparks may ignite.

An accumulation or series of negligent acts or omissions can and should be viewed together to determine whether the defendant has acted out of gross negligence, willful misconduct, or a wanton or reckless disregard. *See Clements v. Steele*, 792 F.2d 515, 517 (5th Cir. 1986) (recognizing that gross negligence may be established where the defendant's acts of ordinary negligence demonstrated that the defendant was consciously indifferent); *see also Kuykendall v. Young Life*, 261 F.App'x 480, 489 (4th Cir. 2008) (multiple acts of simple negligence can amount to gross negligence where the cumulative effect of the negligent act demonstrates an utter disregard of prudence amounting to an indifference to others' health and safety).

"[T]he cumulative effect of several acts of negligence may constitute gross negligence . . . not because of the acts of simple negligence, but because the cumulative acts, when taken together and considered under the facts and the circumstances of the case . . . constitute gross negligence.) *Ferguson v. Ferguson*, 181 S.E.2d 648, 652 (Va. 1971); *see also Aetna Cas. Co. v. Marshall*, 699 S.W.2d 896, 903 (Tex.App. 1985) ("A

defendant's single action may be no more than ordinary negligence; however, when considered along with other negligent acts, it may become an element of what collectively constitutes gross negligence).

The Court finds that Plaintiffs have submitted summary judgment evidence to create a genuine issue of material fact for trial as to Sea Fox's potential liability for punitive damages.

## CONCLUSION

For the reasons set forth herein, the Court will deny Sea Fox Boat Company, Inc.'s Motion to Dismiss and/or Motion for Partial Summary Judgment as to Plaintiffs' Claims for Punitive Damages (Doc. 236).

**THUS DONE AND SIGNED** in Chambers this 22nd day of April, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**