UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HUGO GONZALEZ** | : | **CASE NO. 2:19-CV-00130 LEAD** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO. INC.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion to Compel Responses to Discovery filed by plaintiffs, Hugo Gonzales, individually and on behalf of his minor children, C.G. and E.G. and plaintiffs, Galloway Outlaw-Knight and Lauren M. Outlaw-Knight, individually and on behalf of their minor children, A. O-K, A. O-K and A. O-K. Doc. 274. Plaintiffs seek to compel responses from defendant Sea Fox Boat Co. Inc. ("Sea Fox"). For the reasons stated below, plaintiff's request is granted in part and denied in part.

**I.**
**BACKGROUND**

This matter arises out of an explosion and fire that occurred on or about July 29, 2018, on a 2014 Sea Fox vessel. Doc. 2, p. 2. The vessel model is Sea Fox Model 256 Commander (the "Vessel"). *Id.* The Vessel was equipped with water/fuel Separating filters (the "Filters"). Doc. 71, p. 2. Defendant Sea Fox designed and manufactured the Vessel; plaintiffs allege that the design included the placement of the Filters. Doc. 226, p. 1-2. Plaintiffs allege that defects in the design, manufacture, and/or placement of the Filters contributed to the explosion. Doc. 71, p. 3.

## II.
### DISPUTED REQUESTS

**A. Filter mounting instructions from other Sea Fox vessels**

In Plaintiffs' Fourth Set of Requests for Production of Documents to defendant Sea Fox, Plaintiffs made the following requests:

> **REQUEST FOR PRODUCTION NO. 1:**
>
> Please produce complete copies of a complete copy of the 'Build Book' for the SeaFox 26.6 CC boat. To the extent the Build Book has changed over time, please produce each variation of same.
>
> [ . . . ]
>
> **REQUEST FOR PRODUCTION NO. 6:**
>
> Please produce complete copies of any and all documents from SeaFox which in anyway [sic] indicate or discuss the mounting height of the Yamaha water fuel separators, and any reason for mounting at such height, in SeaFox boats including the document(s) referred to by Chris Simms relating to the 36.8 model.

Doc. 274, att. 3, p. 1, 3. Plaintiffs' motion seeks to compel Sea Fox to respond fully to these requests. Doc. 274, att., 1, p. 2.

Plaintiffs explain that they seek information concerning models other than the model 256 Vessel because Sea Fox has produced little in the way of instructions about how to mount the Filters in the Vessel. In response to discovery requests, Sea Fox has produced a single-page diagram showing where to mount the Filters in the model 256. Doc. 274, att. 1, p. 2.[1]

It is undisputed that model 256 does not have a "build book" which plaintiff describes as providing "detailed plans and schematics which can include how high to mount items and exactly where to mount" items such as the Filters. Doc. 274, att. 1, p. 3. Plaintiffs argue that the one-page

---

[1] Plaintiffs attach the diagram at Doc. 274, att. 4.

mounting diagram produced in discovery is "grossly inadequate," and that access to more detailed build books for other models will show how inadequate the instructions are for the subject Vessel. Doc. 274, p. 3. Plaintiffs also speculate that build books may have statements about where such filters should be mounted that could be relevant to this case. *Id.*, p. 3-4. Plaintiffs argue that information pertinent to other models is relevant under applicable jurisprudence. Doc. 274, att. 1, p. 3 (citing *Diaz v. Goodyear Tire and Rubber Co.*, 2008 WL 11351508 (M.D. La. 2008)).[2]

Sea Fox argues that the requested information is not relevant because it would involve an apples-to-oranges comparison. Although plaintiffs assert that Model 26.6 is essentially the same as model 256, describing the 26.6 as the "next iteration" of the Vessel, Sea Fox disagrees. Sea Fox explains that, although production shifted to the 26.6 after the 256 went out of production in 2015, the 26.6 is slightly longer than the 256 and has a filter-mount compartment made possible by the longer length. Doc. 314, p. 4. The 36.8 is 11 feet longer than the 256, and Sea Fox suggests that details regarding its design would be irrelevant because of its longer length. *Id.*

Sea Fox also argues that the requests are not proportional to the needs of the case because the requests are not limited in time and because producing entire build books (rather than just the pages relating to the mounting of the filters) for any variation of the craft would mean a broad production of proprietary information. Doc. 314, p. 2-3.

Schematics showing how to mount the filter in other Sea Fox models may have some relevance to this matter, but the court must be mindful of the proportionality rule of FED. R. CIV. P. 26(b). *See e.g.*, *Putman v. BMW of N. Am., LLC*, No. CV-17-3485-JAK (KSX), 2018 WL

---

[2] Sea Fox argues that *Diaz* requires the movant to show that information pertaining to another model is "substantially similar" to the model involved in litigation before production can be ordered. *Diaz v. Goodyear Tire & Rubber Co.*, No. CV 07-353-B-M2, 2008 WL 11351508, at *4 (M.D. La. Apr. 21, 2008). We do not require such a showing here because plaintiffs' goal is not to identify the same or similar defects in other models, but rather to inform their arguments about how much detail filter-mounting instructions typically contain.

6137160, at *3 (C.D. Cal. May 14, 2018) (reasoning that service records for similar model vehicles could be relevant to plaintiff's breach of warranty claim for a single vehicle, but that sweeping discovery requests for service records pertaining to thousands of vehicles were disproportionate to the needs of the case); *Matthews v. Remington Arms Co.*, No. CIV.A 07-1392, 2009 WL 1220541, at *4 (W.D. La. May 4, 2009)(reasoning that owners' manuals from other model rifles are relevant to the feasibility of alternative designs and whether misassembly is foreseeable).

Rule 26(b)(1) limits the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case. Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 98 S. Ct. 2380, 2389 (1978); *see also* FED. R. EVID. 401 (defining relevant evidence as making a fact of consequence in determining the action more or less probable). In explicitly defining the scope of discovery in terms of both relevance and proportionality, Rule 26(b) is designed reinforce the obligation of the parties to consider the proportionality factors in making discovery requests. *See* FED. R. CIV. P. 26(b) advisory committee's note to 2015 amendment. The factors a court should consider when determining proportionality are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). The court may limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C). *Hebert v. Lando*, 99 S. Ct. 1635, 1649 (1979). Control of discovery is limited to the trial court's sound discretion. *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

Because plaintiffs have alleged that the placement or misplacement of the Filter may have contributed to the explosion, the court finds the requested information relevant to plaintiffs' claims. To the extent the discovery seeks schematics for an unspecified number of unidentified Sea Fox models, it is unnecessarily cumulative. The request for this discovery will be granted in part and Sea Fox will be ordered to produce the portions of the build books relating to the mounting of the filters and any other schematics that detail where and how water fuel separators are mounted in models 26.6 and 36.8, but only for the years 2014 through 2016.

### B. Sea Fox financial information

Plaintiffs' Second set of Interrogatories to Sea Fox seeks information regarding Sea Fox's net worth and profits. (Doc. 274, att. 6).[3] Plaintiffs argue that this information is relevant because they have a claim for punitive damages against Sea Fox. Although Sea Fox recognizes that its financial condition may become relevant at some point, Sea Fox argues that punitive damages discovery was premature while its motion to dismiss and/or motion for summary judgment regarding punitive damages was pending. Doc. 236 (Motion to Dismiss Plaintiffs' Claims for

---

[3] The interrogatories read as follows:
INTERROGATORY NO. 1: Please state the gross income of Sea Fox Boat Company for each of the following
years: 2014, 2015, 2016, 2017, 2018, 2019 and 2020.
INTERROGATORY NO. 2: Please state the net profit of Sea Fox Boat Company for each of the following years:
2014, 2015, 2016, 2017, 2018, 2019 and 2020.
INTERROGATORY NO. 3: Please state the number of Sea Fox Boat Company 25.6 Commander models sold
in each of the following years: 2013, 2014, 2015, 2016, 2017, 2018, 2019 and 2020.
INTERROGATORY NO. 4: Please state the overall profit to Sea Fox Boat Company on all Sea Fox Boat
Company 25.6 Commander models sold in each of the following years: 2013, 2014, 2015, 2016, 2017, 2018, 2019 and 2020.

Punitive Damages), doc. 314, p. 5 (argument claiming pendency of motion renders discovery premature). That motion has now been denied and the issue is now ripe for consideration. Doc. 353 (ruling), doc. 354 (judgment).

The court finds that the requested discovery is not outside the scope permitted by FED. R. CIV. P. 26(b)(1) because a defendant's financial resources may be relevant to the question of punitive damages. *See* Doc. 313, *Glasscock v. Armstrong Cork. Co.*, 946 F.2d 1085, 1097(5th Cir. 1991) (applying Texas law and discussing a jury instruction to "consider the totality of the circumstances," in determining a punitive damages award, including "the financial resources of the Defendant." ) and *Graef v. Chem. Leaman Corp.*, 106 F.3d 112, 119 (5th Cir. 1997) (citing Restatement (Second) of Torts § 908 cmt. e (1977)) ("Generally, evidence of a defendant's worth or income is admissible in determining the proper level of punitive damages."); *but see Pac. Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 1044 (1991) ("any evidence of Pacific Mutual's wealth was excluded from the trial in accord with Alabama law."). Although the trial court may place limitations on the admissibility of that evidence, this does not bear on the question of whether the evidence is discoverable. FED. R. CIV. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.")

Because punitive damages remain in issue, the court will order Sea Fox to produce the requested financial information pursuant to a mutually agreed protective order.

### III.
#### CONCLUSION

For reasons stated, the Motion to Compel is **GRANTED** in part and **DENIED** in part. To the extent it is granted, it is

**ORDERED** that, within 14 days of the date of this ruling (should no party seek review of this portion of the ruling from the district court), Sea Fox is to produce the portions of the build

books relating to the mounting of the filters and any other schematics that detail where and how water fuel separators are mounted in models 26.6 and 36.8, but only for the years 2014 through 2016.

**IT IS FURTHER ORDERED** that, within 7 days of the date of this ruling, Sea Fox is to prepare a suggested Protective Order for presentation to plaintiffs. Sea Fox will not be required to produce financial information until a Protective Order is in place. Within 7 additional days of the parties' consummation of a Protective Order (should no party seek review from the district court of this portion of the ruling), then Sea Fox is to produce the information requested in interrogatories 1 through 4 of plaintiffs' second set of interrogatories, pursuant to the confidentiality agreement

THUS DONE AND SIGNED in Chambers this 27th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE