UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUGO GONZALEZ** | **CASE NO. 2:19-CV-00130 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO INC** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is "Defendants' Motion in Limine to Preclude Dr. Henderson from Being Labeled as Plaintiffs' Treating Physician" [Doc. 279] wherein Yamaha Motor Corporation, U.S.A. and Sea Fox Boat Company, Inc. (collectively "Defendants") move to preclude any reference, mentioning, testifying to, alluding to, or in any way suggesting that Dr. Darrell Henderson is a treating physician of Plaintiffs. Plaintiffs oppose this motion [Doc. 349; Doc. 368].

**BACKGROUND**

This suit arises from a maritime accident that occurred on or about July 29, 2018, on a 2014 Sea Fox Commander vessel, while plaintiffs Jeremy Eades, Hugo Gonzales, and Galloway Outlaw-Knight were changing out the vessel's batteries. All three were seriously injured in the explosion and resulting fire, and Eades has since died of mixed drug intoxication. Plaintiffs have attributed the explosion to a leaking fuel water separator filter, causing the presence of gasoline vapors on the vessel, and filed suits against Yamaha, as designer of the filter, and Sea Fox, as designer/manufacturer of the vessel. Doc. 1. The matter is now set for jury trial before the undersigned on May 16, 2022.

Defendants anticipate that Plaintiffs will classify Dr. Henderson as a "treating physician" and now moves to preclude Plaintiffs from referring to Dr. Henderson as such on the grounds that Dr. Henderson has not rendered any treatment, and allowing Plaintiffs to call him a treating physician would result in unfair prejudice.

## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Federal Rule of Evidence 702 provides the standard for admissibility of expert testimony at trial:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Rule 702 codifies the U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 (1993). The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the expert possessed the requisite qualifications to render an opinion on particular subject matter. *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011). The district court is afforded broad discretion in determining whether testimony should be held admissible. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998).

**B. Application**

Defendants do not dispute that the testimony of Dr. Henderson as an expert is relevant to Plaintiff's case, but Defendants maintain that Dr. Henderson is not a treating physician. Defendants assert that Dr. Henderson is more of an expert hired for the purposes of litigation than a treating physician.

Defendants argue that Dr. Henderson is a board-certified plastic surgeon who was retained by Plaintiffs to provide medical testimony concerning the medical treatment provided to Plaintiffs, Hugo Gonzalez and Galloway Outlaw-Knight. However, Defendants assert that Dr. Henderson has not actually rendered any treatment to any Plaintiff in this matter. Doc. 279-1.

Defendants maintain that Dr. Henderson told Gonzalez that he would need to see his regular physician for treatment due to his breathing issues and any psychological issues. *Id.* Defendants argue that no actual treatments were rendered to the patients and that Dr. Henderson only directed patients to seek additional treatments from other providers.

Defendants additionally argue that Dr. Henderson saw Galloway Outlaw-Knight on August 21, 2018. He reviewed Outlaw-Knight's burns and the photographs taken at Our Lady of Lourdes Regional Medical center records regarding Outlaw-Knight along with some records from Dr. Barrios and Dr. Garcelon. Doc. 279-5 *Deposition of Dr. Darrell Henderson.* Dr. Henderson stated that Outlaw- Knight sustained thermal burns to various parts of his body with twenty-five percent of his total body burned and about eighteen percent were very deep, second degree and third-degree burns. *Id*. Dr. Henderson recommended that Outlaw-Knight see a reconstructive plastic surgeon and his family doctor four times a year. *Id.* Dr. Henderson saw Outlaw-Knight again on November 15, 2018, when he took some more photographs. *Id.* Each time Outlaw-Knight saw Dr. Henderson it was to take pictures and observe scar formation. Defendants argue that similarly to Mr. Gonzalez, Dr. Henderson did not render care or prescribe medicine. Dr. Henderson told Outlaw-Knight he would see him every six months up until the day his

case went to court, and Dr. Henderson specifically stated that this six-month visit is typical for his litigation cases. *Id.*

As such, Defendants argue that classifying Dr. Henderson as a "treating" physician is prejudicial and will afford Dr. Henderson more importance with the jury. Defendants maintain that this greater weight is undeserved, and will result in the jury unfairly elevating the testimony of Dr. Henderson and ultimately will mislead the jury.

Plaintiffs assert that Dr. Henderson is a treating physician and not an expert retained for litigation. Plaintiffs argue that Dr. Henderson has had had multiple treatment visits with both Gonzales and Outlaw-Knight over the last few years and has issued visit notes corresponding with each visit in which he documents the course of their treatment and recovery. Doc. 349-1 *Treatment Records for Hugo Gonzales*; Doc. 349-2 *Treatment Records for Galloway Outlaw-Knight*; Doc. 349-3 *Treatment Records for Jeremy Eades*. Plaintiffs disagree with Defendants' assertion that Dr. Henderson has not actually rendered any treatment to any Plaintiff in this matter. Plaintiffs argue that "performing surgery or prescribing medication are not the cornerstones of a treating physician; having an ongoing relationship wherein the physician assists the patient in the management of specific medical problems is what makes a doctor a treating physician." Doc. 349. Plaintiffs maintain that they are in such a relationship with Dr. Henderson whose medical care consists of evaluating their burns and monitoring their healing process to ensure a stable and successful recovery. *Id.*

Plaintiffs argue that Dr. Henderson first saw Gonzales and Outlaw-Knight roughly three weeks after they suffered severe burns in the subject explosion. Both had already

undergone extensive surgeries for their burns and were in the beginning stages of the healing process. *Id.* Thus, Gonzales and Outlaw-Knight presented to Dr. Henderson for ongoing treatment of their severe burns, and to date, neither have been discharged from his care.

To distinguish between an expert retained for litigation and a treating physician, Plaintiffs cite to *Stone v. United States* which clarifies:

> [e]xperts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physician[']s personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources.

*Stone v. United States*, 2017 WL 1927719 (E.D. La. 2017). Plaintiffs assert that it is only when a physician "relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like an expert and must submit a report under Rule 26(a)(2)(B)." *Id.* As such, Plaintiffs maintain that allowing them to refer to Dr. Henderson as a treating physician is not a mischaracterization and will not unfairly prejudice Defendants. The Court agrees and finds that Defendant's concerns regarding the extent of treatment Plaintiffs received from Dr. Henderson can be addressed through cross-examination and the presentation of countervailing testimony. Accordingly, Defendant's Motion in Limine is DENIED.

## **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Motion in Limine [Doc. 279] regarding the testimony of Dr. Henderson is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 10th day of May, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**