UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUGO GONZALEZ** | **CASE NO. 2:19-CV-00130 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO INC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Sea Fox Boat Company, Inc.'s Motion in Limine to Preclude Opinions of Plaintiff's Experts Regarding any Sea Fox Warnings" [Doc. 280] where in Sea Fox Boat Company, Inc. ("Sea Fox") moves to preclude Plaintiff's experts, including but not limited to, William Vigilante PhD, CPE, from offering at trial any opinions as to the sufficiency or insufficiency of any warnings provided by Sea Fox. Plaintiffs oppose this motion [Doc. 347; Doc. 367].

## BACKGROUND

This suit arises from a maritime accident that occurred on or about July 29, 2018, on a 2014 Sea Fox Commander vessel, while plaintiffs Jeremy Eades, Hugo Gonzales, and Galloway Outlaw-Knight were changing out the vessel's batteries. All three were seriously injured in the explosion and resulting fire, and Eades has since died of mixed drug intoxication. Plaintiffs have attributed the explosion to a leaking fuel water separator filter, causing the presence of gasoline vapors on the vessel, and filed suits against Yamaha, as designer of the filter, and Sea Fox, as designer/manufacturer of the vessel. Doc. 1. The matter is now set for jury trial before the undersigned on May 16, 2022.

Sea Fox now seeks to preclude Plaintiff's experts, including but not limited to, William Vigilante PhD, CPE, from offering opinion s that Sea Fox's sticker warning was insufficient.

## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Federal Rule of Evidence 702 provides the standard for admissibility of expert testimony at trial:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Rule 702 codifies the U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579,593 (1993). The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the expert possessed the requisite qualifications to render an opinion on particular subject matter. *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011). The district court is afforded broad discretion in determining whether testimony should be held admissible. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998).

**B. Application**

Sea Fox initially points out that expert discovery in this case has been subject to a scheduling order and amended multiple times. Sea Fox maintains that Dr. Vigilante's report did not disclose any opinions as to Sea Fox, and allowing such testimony at trial would be prejudicial and amount to a trial by ambush.

Sea Fox argues that Dr. Vigilante's report is 37 pages long, and within it he identifies the purpose of his "investigation was to determine if Yamaha provided adequate warning with the filter regarding the fire and explosion hazard associated with using the filter beyond 50 hours or six months." Doc. 280-6 p. 2 *Vigilante Forensic Report.* Sea Fox argues that the report is solely focused on Yamaha and that the list of materials reviewed is not applicable to Sea Fox. As such, Sea Fox maintains that any opinion by Dr. Vigilante or other Plaintiffs' expert, regarding the sufficiency of insufficiency of Sea Fox warnings is untimely and allowing such opinions at trial would be "irreparably prejudicial." Doc. 280-1 *Memorandum in Support of Defendant's Motion in Limine.*

Sea Fox further asserts that on September 8, 2021, Dr. Vigilante sat for a deposition on this matter. Sea Fox argues that Dr. Vigilante did not research and is not familiar with the American Boat and Yacht Council (ABYC) or USCG standards that apply to the vessel, and did not consider them in rendering his opinions. Doc. 280-7 *Deposition of Dr. Vigilante.*

Plaintiffs argue that Dr. Vigilante's opinion was given before plaintiffs' expert report deadline and Sea Fox has cross-examined. Plaintiffs maintain that under these circumstances, Sea Fox will not suffer any prejudice. In their original complaint [Doc. 2], Plaintiffs' made failure to warn allegations against Sea Fox which their warnings expert, Dr. Vigilante addressed in his deposition. Sea Fox argues that because this opinion was not in Dr. Vigilante's timely produced written report, it would be prejudiced if he is allowed to testify at trial. However, Sea Fox has known of Dr. Vigilante's opinion for some time

now and has had the opportunity to depose him and will have the opportunity to cross examine him about it.

Accordingly, the Court agrees and finds that Sea Fox's concerns regarding Dr. Vigilante's testimony can be addressed through cross-examination and presentation of countervailing testimony. As such, Sea Fox's Motion in Limine is DENIED.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion in Limine [Doc. 280] regarding the testimony of Dr. Vigilante is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 10th day of May, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**