UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HUGO GONZALEZ** : **CASE NO. 2:19-CV-00130 LEAD**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**SEA FOX BOAT CO INC** : **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 294] filed by defendants and seeking to limit or strike the expert report and testimony of plaintiff expert witness Ruth Rimmer under the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs Hugo Gonzalez and Galloway Outlaw-Knight and Lauren M. Outlaw-Knight, all appearing individually and behalf of their minor children, oppose the motion. Doc. 360.

## I.
### BACKGROUND

This suit arises from a maritime accident that occurred on or about July 29, 2018, on a 2014 Sea Fox Commander vessel, while plaintiffs Jeremy Eades, Hugo Gonzales, and Galloway Outlaw-Knight were changing out the vessel's batteries. All three were seriously injured in the explosion and resulting fire, and Eades has since died of mixed drug intoxication. Plaintiffs have attributed the explosion to a leaking fuel water separator filter, causing the presence of gasoline vapors on the vessel, and filed suits against Yamaha Motor Corporation USA ("Yamaha"), as designer of the filter, and Sea Fox Boat Company, Inc.

("Sea Fox"), as designer/manufacturer of the vessel. Doc. 1. The matter is now set for jury trial before the undersigned on May 16, 2022.

Plaintiffs have given notice of their intention to introduce expert testimony from Ruth Rimmer, who prepared life care plans for Hugo Gonzales and Galloway Outlaw-Knight. Defendants now move to exclude or limit Rimmer's anticipated testimony, arguing that her conclusions are based on unsupported medical opinions (not cured by the subsequent endorsement of another physician witness) and that without proper medical support, her conclusions on future treatment and care needs will confuse and mislead the jury. Doc. 294. The Gonzales and Outlaw-Knight plaintiffs oppose the motion. Doc. 360.

## II.
## LAW & APPLICATION

### A. Governing Law

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical,*

bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

### B. Application

In her life care plans for Gonzales and Outlaw-Knight, Rimmer admits that she relied on the medical opinions of Dr. Darrell Henderson, a plastic surgeon specializing in the treatment of burns, in formulating her opinions on the cost of future care and treatment. Doc. 294, atts. 2 & 3. Defendants argue that this reliance is insufficient because (1) Dr. Henderson is not the treating physician of either plaintiff; and (2) despite his subsequent endorsement of the life care plans in a one-paragraph letter, his contemporaneous

---

*Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

deposition revealed that his treatment recommendations (namely, on the need for future laser treatment/surgery) differed from those outlined by Rimmer. *See* doc. 294, att. 8.

On the first argument, the court has rejected the defense's contention that Dr. Henderson is not a treating physician in its ruling on another motion in limine [doc. 279] and adopts that reasoning here. On the second, the extent to which Rimmer's treatment recommendations conform with that of the treating physician with whom she consulted impact the weight rather than admissibility of her testimony. The defense has admitted that they have no quarrel with Rimmer's qualifications as a life care planner. Both Dr. Henderson and Rimmer will be available for cross-examination at trial and the defense may probe the reasons for Dr. Henderson's apparent shift in thinking and use any inconsistencies in treatment recommendations to their advantage. However, these reasons do not provide a basis for striking the report or excluding the testimony of plaintiffs' life care plan expert.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 294] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 10th day of May, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**