UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUGO GONZALEZ** | **CASE NO.  2:19-CV-00130 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO INC** | **MAGISTRATE JUDGE KAY** |

## <u>MEMORANDUM ORDER</u>

Before the court is a Motion in Limine [doc. 297] filed by defendants and seeking to limit or strike the expert report and testimony of plaintiff expert witnesses Joyce Beckwith and John Theriot under the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs Hugo Gonzalez and Galloway Outlaw-Knight and Lauren M. Outlaw-Knight, all appearing individually and behalf of their minor children, oppose the motion. Doc. 348.

## I.
### BACKGROUND

This suit arises from a maritime accident that occurred on or about July 29, 2018, on a 2014 Sea Fox Commander vessel, while plaintiffs Jeremy Eades, Hugo Gonzales, and Galloway Outlaw-Knight were changing out the vessel's batteries. All three were seriously injured in the explosion and resulting fire, and Eades has since died of mixed drug intoxication. Plaintiffs have attributed the explosion to a leaking fuel water separator filter, causing the presence of gasoline vapors on the vessel, and filed suits against Yamaha Motor Corporation USA ("Yamaha"), as designer of the filter, and Sea Fox Boat Company, Inc.

("Sea Fox"), as designer/manufacturer of the vessel. Doc. 1. The matter is now set for jury trial before the undersigned on May 16, 2022.

Plaintiffs have given notice of their intention to introduce expert testimony from vocational rehabilitation expert Joyce Beckwith and economist John Theriot. Defendants now move to exclude or limit Beckwith and Theriot's anticipated testimony, arguing that Beckwith's opinions are speculative, based on unsupported medical opinions, and do not satisfy *Daubert* with respect to her methodology or analysis. Doc. 297. They also assert that Theriot's opinions are unreliable, speculative and based on flawed data. *Id.* The Gonzales and Outlaw-Knight plaintiffs oppose the motion. Doc. 360.

## II.
### LAW & APPLICATION

#### A. Governing Law

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical,*

bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

### B. Application

Defendants first challenge Joyce Beckwith's anticipated testimony based on her reliance on the medical opinions of Dr. Darrell Henderson. The court has rejected the defense's contentions that Dr. Henderson does not qualify as a treating physician. To the extent that the defense finds his conclusions lack support, they may raise this issue in challenging the weight of Beckwith's testimony but the fact that she credited the opinion of one of plaintiffs' licensed burn treatment providers in formulating her own opinions does not impact the admissibility of her testimony.

*Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

Defendants also allege that Beckwith's testimony is unreliable, noting conflicting opinions from other physicians as to plaintiffs' degree of disability, the fact that Gonzales returned to his pre-accident job and only experienced a decrease in wages after moving from Louisiana to Arkansas, and the opinion of defense vocational rehabilitation expert that Outlaw-Knight could return to welding work within temperature-controlled environments with no impact to his wages. Beckwith instead relied on Henderson's opinion that neither plaintiff should return to prior occupations, and that Gonzales is currently working beyond his limitations. Accordingly, she assumed that Gonzales would be required to return to minimum wage work if he were ever to leave the shelter of his current job and reenter the workforce and that only minimum wage work is available to Outlaw-Knight given his current limitations. Theriot then calculated his lost earnings for both plaintiffs, relying on Beckwith's assumption with regard to Gonzales one day leaving his current welding job.

As plaintiffs emphasize, experts are not prohibited from making assumptions under *Daubert. Barnes v. Commerce & Indus. Ins. Grp.*, 2013 WL 6145309, at *2 (W.D. La. Nov. 21, 2013). The defense may challenge the soundness of these assumptions through cross-examination. Beyond their disagreement with the assumptions above, the defense's challenges go to Beckwith's decisions to credit one physician's opinion over that of others rather than her or Theriot's methodology. These challenges go to the weight rather than admissibility of testimony and do not serve as a basis for exclusion.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 297] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 10th day of May, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**