UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUGO GONZALEZ** | **CASE NO. 2:19-CV-00130 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO INC** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is "Plaintiff, Courtney Blair Alston, Personal Representation of the Estate of Jeremy Wade Eades, deceased, Motion in Limine to Exclude Inadmissible, Irrelevant, and/or Prejudicial Evidence" [Doc. 292]. Plaintiff, Courtney Blair Alston, adopts all arguments, authorities, exhibits and attachments to the Motion in Limine to Exclude Inadmissible, Irrelevant and/or Prejudicial Evidence, filed by Hugo Gonzales, individually and on behalf of his minor children, C.G. and E.G., and plaintiffs, Galloway Outlaw-Knight and Lauren M. Outlaw-Knight, individually and on behalf of their minor children, A. O-K, A. O-K, and A. O-K (Rec. Doc. 283). Plaintiff, Cortney Blair Alston, asserts all arguments and authorities contained therein as if they were filed by her. Defendants have not filed an opposition to this motion; thus, the Court considers the motion unopposed. However, the Court will address the issues raised in the motion.

**BACKGROUND**

This suit arises from a maritime accident that occurred on or about July 29, 2018, on a 2014 Sea Fox Commander vessel, while plaintiffs Jeremy Eades, Hugo Gonzales, and Galloway Outlaw-Knight were changing out the vessel's batteries. All three were seriously

injured in the explosion and resulting fire, and Eades has since died of mixed drug intoxication. Plaintiffs have attributed the explosion to a leaking fuel water separator filter, causing the presence of gasoline vapors on the vessel, and filed suits against Yamaha, as designer of the filter, and Sea Fox, as designer/manufacturer of the vessel. Doc. 1.

Plaintiff now seeks to exclude defendants from making certain statements or attempting to elicit testimony from witnesses about things which are inadmissible, irrelevant, and/or prejudicial in this case. Plaintiffs have set forth four distinct subparts:

1. Motion to prohibit argument that Hugo Gonzalez is at fault for dumping out gasoline from the water/fuel separator filter at issue.
2. Motion to exclude any testimony from expert witnesses that Hugo Gonzalez is at fault for continuing to work on the boat after he smelled gasoline.
3. Motion to prohibit argument that the filter manufacturer, Sierra, is at fault for the incident.
4. Motion to preclude any argument or explanation to the jury of the application of joint and several liability to this case.

Doc. 283-1 *Memorandum in Support of Plaintiffs' Motion in Limine to Exclude Inadmissible, Irrelevant, and/or Prejudicial Evidence.*

## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### A. Application

As stated above, Defendants do not oppose Plaintiffs' motion in limine on dumping fuel from the subject fuel/water filter or questions of Sierra's potential fault. Accordingly, the motion is **GRANTED** in this regard. As such, Defendants are forbidden from arguing that Mr. Gonzalez is at fault for dumping out gasoline from the water/fuel separator at issue.

The remaining issues are Plaintiffs' two other motions: (1) the motion to exclude any testimony from expert witnesses that Hugo Gonzalez is at fault for continuing to work on the boat after her smelled gasoline, and (2) the motion to preclude any argument or explanation to the jury of the application of joint and several liability to this case.

The Court finds that the Plaintiffs' two remaining motions are too generalized or premature for the Court to determine at this stage whether an order in limine is warranted. The court notes that these requests most relate to rules of evidence of which plaintiffs' counsel are surely already aware. The Court warns the parties that they may be subject to time limits in order not to waste the jury's time, it will not impose further limitations at this point as to how each side should structure its case.

## CONCLUSION

For the reasons stated above, the Motion in Limine [Doc. 292] is **GRANTED IN PART** and **DENIED IN PART** as described above, without prejudice to any party's right to object to specific evidence at trial. The court expects that counsel on both sides will demonstrate their professionalism and competence during the trial, and that they do not require preemptive court orders against making improper remarks or argument before the jury.

**THUS DONE AND SIGNED** in Chambers this 1st day of September, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE