UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUGO GONZALEZ** | **CASE NO. 2:19-CV-00130 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO INC** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is Defendant Yamaha Motor Corporation, U.S.A.'s ("YMUS") Motion for Reconsideration of this Court's September 1, 2022, Memorandum Order [Doc. 467]. This Court's Order [Doc. 467] addresses "Plaintiff, Courtney Blair Alston, Personal Representation of the Estate of Jeremy Wade Eades, deceased, Motion in Limine to Exclude Inadmissible, Irrelevant, and/or Prejudicial Evidence" [Doc. 292]. Plaintiff, Courtney Blair Alston, adopted all arguments, authorities, exhibits and attachments to the Motion in Limine to Exclude Inadmissible, Irrelevant and/or Prejudicial Evidence, filed by Hugo Gonzales, individually and on behalf of his minor children, C.G. and E.G., and plaintiffs, Galloway Outlaw-Knight and Lauren M. Outlaw-Knight, individually and on behalf of their minor children, A. O-K, A. O-K, and A. O-K [Doc. 283]. Plaintiff, Cortney Blair Alston, asserted all arguments and authorities contained therein as if they were filed by her.

YMUS and Defendant, Sea Fox Boat Co. opposed Plaintiffs' Motions [Docs. 341; 364]. The Court recognizes that these oppositions were submitted with regard to "Plaintiffs' Motion in Limine to Exclude Inadmissible, Irrelevant, and/or Prejudicial

Evidence" [Doc. 283] and are also applied to "Plaintiff, Courtney Blair Alston, Personal Representation of the Estate of Jeremy Wade Eades, deceased, Motion in Limine to Exclude Inadmissible, Irrelevant, and/or Prejudicial Evidence" [Doc. 292].

In their Motions in Limine [Docs. 283; 292], Plaintiffs sought to exclude defendants from making certain statements or attempting to elicit testimony from witnesses about things which are inadmissible, irrelevant, and/or prejudicial in this case. Plaintiffs set forth four distinct subparts:

1. Motion to prohibit argument that Hugo Gonzalez is at fault for dumping out gasoline from the water/fuel separator filter at issue.
2. Motion to exclude any testimony from expert witnesses that Hugo Gonzalez is at fault for continuing to work on the boat after he smelled gasoline.
3. Motion to prohibit argument that the filter manufacturer, Sierra, is at fault for the incident.
4. Motion to preclude any argument or explanation to the jury of the application of joint and several liability to this case.

Doc. 283-1 *Memorandum in Support of Plaintiffs' Motion in Limine to Exclude Inadmissible, Irrelevant, and/or Prejudicial Evidence.*

This Court granted the motion in part as to Item No. 1, as YMUS made it clear "**YMUS does not oppose Plaintiffs' motions in limine on dumping fuel from the subject fuel/water filter or questions of Sierra's potential fault**" Doc. 341 p. 7. *Yamaha Motor Corporation, U.S.A.'s Opposition to Plaintiffs' Omnibus Motion in Limine.*

YMUS now files the instant motion for reconsideration with regard to Item No. 1. YMUS recognizes that this issue has no bearing on Items Nos. 2, 3, and 4. When considering Defendant's oppositions [Docs. 341; 364] it should be made clear that YMUS

expressly reserved the right to question Mr. Gonzalez on other aspects of his conduct the day prior and the day of the subject accident.

The Court agrees and will adopt the same language from its previous ruling [Doc. 458], with regard to Item No. 1. As stated above, Defendants do not oppose Plaintiffs' motion in limine on dumping fuel from the subject fuel/water filter or questions of Sierra's potential fault. Accordingly, the motion is **GRANTED** in this regard.

As such, Defendants are forbidden from arguing that Mr. Gonzalez is at fault for dumping out gasoline from the water/fuel separator at issue, however Defendants reserve the right to question Mr. Gonzalez on other aspects of his conduct the day prior and the day of the subject accident. Defendants, who already contend that they do not intend to argue that Sierra is at fault for the incident, are also forbidden from this argument.

## CONCLUSION

For the reasons stated above, the Motion for Reconsideration [Doc. 470] is **GRANTED.** The Court recognizes that YMUS has expressly reserved the right to question Mr. Gonzales on other aspects of his conduct the day prior to and the day of the subject accident but Defendants are forbidden from arguing that Mr. Gonzales is at fault for dumping out gasoline from the water/fuel separator at issue.

**THUS DONE AND SIGNED** in Chambers this 14th day of September, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE