**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| **HUGO GONZALEZ** | **CASE NO. 2:19-CV-00130 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEA FOX BOAT CO INC** | **MAGISTRATE JUDGE KAY** |

# FINAL JURY INSTRUCTIONS

Members of the Jury: It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the

evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiffs, Hugo Gonzales, individually and on behalf of his minor children, Galloway Outlaw-Knight, individually on behalf of his minor children, Cortney Blair Alston, as adminstratix of the estate of Jeremy Wade Eades, have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. Stipulated testimony must be considered in the same way as if that testimony had been received here in court. A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at

other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to

say or do something, that was different from the testimony given at the trial.

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

A demonstrative exhibit is an illustration; it is not evidence. It is a party's description used to describe something involved in this trial. If your recollection of the evidence differs from the demonstrative exhibit, rely on your recollection.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in

a court of justice.

The plaintiffs are asserting claims against the defendants under federal general maritime law that the defendants were negligent, and that such negligence was a cause of the plaintiffs' injuries.

Negligence under the general maritime law requires proof of four elements, each of which must be proven by the Plaintiffs by a preponderance of the evidence: (1) that the Defendants owed a duty to the Plaintiffs to use due care; (2) that the Defendants breached that duty; (3) that the Plaintiffs suffered damages; and (4) that the breach of the duty proximately caused the Plaintiffs' injuries.

To prevail on a products liability claim, the Plaintiffs must prove by a preponderance of evidence each of the following: (1) that the Defendant sold the product; (2) that the product was defective and unreasonably dangerous when it left the Defendant's control; (3) that the defect caused the Plaintiffs' injuries; and (4) the Plaintiffs were making a foreseeable use of the product at the time of the injury.

Liability for a defective product may not be imposed upon a manufacturer without proof that the product in question was defective and unreasonably dangerous at the time it left the hands of the manufacturer. A manufacturer of a product is not liable for injuries caused by a defective product if the defect was caused by an alteration of the product that causes the injury. Thus, if you find that the product in question was altered, and the alteration caused the accident, then you must find in favor of the manufacturer.

A product may be unreasonably dangerous due to a defect (1) in the manufacturing process ("manufacturing defect"); or (2) in its design ("design defect").

1. A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." To recover on a products liability claim arising out of a manufacturing defect, the plaintiff must prove each of the following elements: (1) the product deviated from its intended design in a manner that renders it unreasonably dangerous; (2) the product was defective at the time it left the manufacturer; and (3) the defect was the producing cause of the plaintiff's injuries.
2. In order to recover on a claim for a design defect, the Plaintiffs must prove: (1) identify a specific alternative design for the product that would have prevented the Plaintiffs' alleged damages; and (2) present evidence concerning the extent of the risk that the alternative design would have avoided, the economic costs entailed by those accidents, or the extent of the reduction in frequency of those accidents that would have followed on the use of the proposed alternative design.

Not every injury that occurs while someone is using a product that may be defective necessarily results from the defect. The Plaintiffs must prove that the defective product was the cause of their injuries. The Plaintiffs must show not merely that the defect was a cause of the injury, but that such condition was a proximate cause of the injury. This means that Plaintiffs must show that the condition in question played a substantial part in bringing about or actually causing their injuries, and that the injuries were either a direct result or a reasonably probable consequence of the defective condition.

Under the products liability law, the seller of a product is responsible for any defects in that product. A seller is liable whether it specifically manufactured the product itself or

whether it had another person or entity manufacture the product and then sold that product as its own.

"Normal use" of a product includes all reasonably foreseeable uses, including foreseeable misuse of the product. "Foreseeable misuse" means use that is reasonably anticipated by the manufacturer of a product. A reasonably anticipated use does not encompass misuse where the danger should have been obvious to the experienced, as well as the ordinary, consumer.

If Plaintiffs prove their claim against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about the Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable, and that Plaintiffs are entitled to recover money from Defendants.

If you find that Defendants are liable, you must award the amount you find by a preponderance of the evidence that is full and just compensation for all of each Plaintiff's damages. You also will be asked to determine if a Defendant is liable for punitive damages. Because the methods of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages. The instructions I give you now apply only to your consideration of compensatory damages. The purpose of compensatory damages is to make each Plaintiff whole—that is, to compensate each Plaintiff for the damage that he has suffered. Compensatory damages are not limited to expenses that each

Plaintiff may have incurred because of their injury. If the Plaintiffs wins, each individual plaintiff is entitled to compensatory damages for physical injury, pain and suffering, and mental anguish that he has suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs has actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable

efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much accuracy as the circumstances permit.

The defendants must take their victims as they find them. As a result, if any of the plaintiffs have pre-existing conditions or diseases that were aggravated by the negligence of the defendants, then you can still award damages for the worsening of the condition or disease. A defendant is responsible for all natural and probable consequences of its tortious conduct.

In your consideration of the items of damages, you should bear in mind that under the law the one liable or responsible for an accident must take the injured person as he finds him, and is responsible for all the natural and probable consequences of her wrong, even though they are more serious or harmful by reason of a pre-existing condition, physical defect or weakness of the injured person. If the accident results in aggravation of a previous condition of disability or of pain of the injured person, the one responsible is liable both

for the aggravation of the pre-existing condition and for any new injuries resulting from the accident.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: past and future physical pain and suffering, including disfigurement, physical disability, impairment, and inconvenience, and the effect of each Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity.

In determining any award that you might make for past or future medical expenses, you should consider the evidence, and the opinions of expert witnesses, to decide the reasonable value or expense of medical, nursing and hospital care and treatment which was or will be reasonable and necessary for a plaintiff's condition.

In determining an award for future loss of earnings capacity for Hugo Gonzalez and Galloway Outlaw-Knight, the amount of damages for an item such a loss of future wages is necessarily speculative and cannot be calculated with mathematical certainty. However, if you feel that such damages should be awarded, you should exercise your discretion in considering all the circumstances and award an amount that is just to both litigants and not unduly oppressive to either.

In determining such an award, you may consider Plaintiff's physical conditions before and after this incident, their work record, their earnings in prior years, the probability

or improbability that they would have earned similar amounts in the remainder of their work lives, and similar factors.

If you find that Defendants are liable for Plaintiffs' injuries, you may also award loss of consortium damages for a plaintiff's spouse relating to the loss of benefits that one's spouse is entitled to receive from the other, including companionship, cooperation, aid, affection, and sexual relations. Additionally, you may also award loss of consortium damages for a plaintiff's child relating to the loss of benefits that one's child is entitled to receive from the other, including companionship, cooperation, aid, and affection.

The personal representative of the Estate of Jeremy Eades has brought a wrongful death claim under Arkansas law. Under the statute, a cause of action for wrongful death "shall be brought and maintained in the name of the personal representative of the deceased person." The beneficiaries of a wrongful-death action are defined by statute as the surviving spouse, children, father, mother, brothers, and sisters of the deceased person. No part of a wrongful-death recovery becomes an asset of the deceased's estate.

Wrongful death suits seek relief for the beneficiaries' own injuries and sole benefit and, as such, that recovery rightfully forms no part of the decedent's estate. Recovery for wrongful death is intended to compensate the statutory beneficiaries for pecuniary losses—"defined as the present value of the benefits, goods, and services, that the decedent would have contributed to the statutory beneficiaries if he had lived"—mental anguish, and loss of consortium.

Various factors are to be considered in reaching a determination of pecuniary injuries, including:

(1) What instruction, moral training, and supervision of education he might reasonably have given the children had he lived;

(2) His health;

(3) His habits of industry, sobriety, and thrift;

(4) His occupation;

(5) The life expectancy of the deceased; and

(6) The time which will elapse before each child reaches majority.

You may, in addition, award punitive damages if you find a Defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiffs have the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiffs has been made whole by compensatory damages, so punitive damages should be awarded only if a Defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of the Defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the Defendant's conduct was motivated by a desire to augment profit; and
2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened.

You may consider the financial resources of a Defendant in fixing the amount of punitive damages.

More than one person may ultimately be at fault for an injury-causing incident. In such cases, you must determine the percentage of fault of each responsible party.

In determining the percentages of fault, you must consider both the nature of the conduct of each party at fault, and the extent of the causal relation between the conduct and the damages claimed.

In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the

attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**