UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HUGO GONZALEZ, ET AL. | * | CIVIL ACTION NOS. 19-130 |
| | * | c/w 19-131 and 19-132 |
| VERSUS | * | |
| | * | JUDGE: JAMES D. CAIN, JR. |
| SEA FOX BOAT COMPANY, INC. | * | |
| | * | MAGISTRATE: KATHLEEN KAY |
| | * | |
| | * | PERTAINS TO: ALL CASES |

## AFFIDAVIT OF FRANK D. HOSLEY IN SUPPORT OF DEFENDANT, YAMAHA MOTOR CORPORATION, U.S.A.'S MOTION TO TAX COSTS

STATE OF FLORIDA            )
                            )
COUNTY OF SEMINOLE   )

BEFORE ME, the undersigned authority, this date personally appear **FRANK D. HOSLEY** who, being by me first duly sworn, deposes and states:

1. My name is Frank Hosley, Esq. I am an attorney with Bowman and Brooke, LLP, and I am an attorney of record for the Defendant, Yamaha Motor Corporation, U.S.A. ("YMUS") in the above-styled cause.

2. I am lead counsel in the above-styled cause, and I make this Affidavit based on personal knowledge.

3. I am a member in good standing of the Florida Bar, and I have been admitted to the practice of law in the State of Florida since 1996. I am authorized to practice in the United States District Courts for the Southern, Middle and Northern Districts of Florida, and in all Florida state courts.

4. I also was admitted to practice *pro hac vice* in this matter and was YMUS' principal trial counsel at the trial that concluded with a defense verdict in favor of YMUS that was rendered on November 22, 2022.

5. To the best of my knowledge, information and belief, the factual statements made in YMUS' Motion to Tax Costs ("Motion"), which is being filed contemporaneous with this Affidavit, are true and accurate.

6. In addition, all of the costs referenced in the Chart of Expenses for Motion to Tax Costs ("Cost Chart) attached hereto as **Composite Attachment A** are accurate and were incurred in connection with YMUS' successful defense of this action.

7. Specifically, with respect the deposition costs for which YMUS seeks reimbursement, I can attest that, at the time each was taken, YMUS reasonably expected that the deposition would be used for trial preparation, rather than merely for the convenience of counsel.

8. In fact, each of those depositions ultimately was used:

(1) in support of YMUS' pre-trial motions in limine and/or for partial or final summary judgment, and its Rule 50(a) motions for judgment at the close of evidence;

(2) in preparation for YMUS' direct and/or cross-examinations of the deponents or other fact and/or expert witnesses at trial; and

(3) by YMUS' experts in rendering their opinions, in preparing for their own depositions, and/or in preparation for their trial testimony.

9. The same is true with respect to the daily transcripts, whose cost YMUS seeks to recover, namely they were "necessarily obtained for use in [the] case" in YMUS's preparation for and/or conduct of its:

(1) direct examinations of its own lay and expert witnesses;

(2)   cross-examinations of Plaintiffs' lay and expert witnesses;

(3)   Rule 50(a) Motions; and

(4)   its closing argument.

10.   In addition, while YMUS incurred substantially more copying expenses during the 3 year pendency of this litigation, it has only chosen to include a fraction of those costs in the instant Motion, all of which were necessarily obtained for use and used in the litigation.

11.   I have practiced for over 20 years in various state and federal courts around the country and am generally familiar with the prevailing rates for the types of services referenced in the Motion to Tax Costs and Cost Chart and can confirm that they are all reasonable.

12.   Moreover, I participated in and/or oversaw the work that resulted in the need for each of the referenced expenses and took care to ensure that the necessary tasks and expenses were handled as efficiently and completely as possible.

13.   It is my firm's practice to insist that supporting documentation exists for each item of expense incurred by the firm, its vendors, and its retained experts and can attest to the fact that was done in the instant case with respect to the items referenced in YMUS' Motion.

14.   Attached as **Composite Attachment B** is a compilation of all of the supporting documentation for the majority of expense items referenced in the Cost Chart that presently is in YMUS's possession.

15.   I will timely supplement my Affidavit with the supporting documents for the few remaining expense items not included in Composite Attachment B immediately upon their receipt.

16.   The total resulting costs for which YMUS seeks reimbursement is: $126,002.84.

17.     Based on my experience, I believe, given the complexity of this matter, the manner in which it was contested, and the results achieved that $126,002.84 in total costs is and was both reasonable and necessary.

FURTHER AFFIANT SAYETH NAUGHT.

_____
FRANK D. HOSLEY

THE FOREGOING INSTRUMENT was acknowledged before me this ____ day of January, 2023 by FRANK D. HOSLEY who is personally known to me.

Given under my hand and official seal this 24th day of January, 2023.

_____
NOTARY PUBLIC
Printed Name: Darlene M. Rittenhouse
My Commission Expires:

[Notary Seal]



Notary Public State of Florida
Darlene M Rittenhouse
My Commission HH 134656
Expires 05/26/2025

02741229-1
26110378v1

4